# Hamilton, Appellant, *v.* Hamilton.

*Divorce—Bona fide residence—Evidence.*

Where a husband files a libel for divorce in February, 1912, and testifies that he lived in New York State from the middle of April until the middle of September, being employed there as a gardener, and there is no evidence as to where he resided before going to New York in April or after his departure therefrom in September, although he testifies that he lived in Philadelphia during the winter, he will not be entitled to a divorce, inasmuch as he has not shown a bona fide residence in Pennsylvania for one whole year prior to the filing of the libel.

Argued Dec. 2, 1915. Appeal, No. 249, Oct. T., 1915, by plaintiff, from decree of C. P. No. 3, Philadelphia Co., March T., 1912, No. 282, dismissing libel in divorce in case of Claude E. Hamilton v. Georgia Hamilton. Be-

Opinion of Court below—Assignment of Error. [62 Pa. Superior Ct. fore RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Libel for divorce.

The case was referred to a master who reported a decree in favor of the libellant. The case was referred back to the master, DAVIS, J., filing the following opinion:

We are of the opinion that the testimony of the libellant in this case fails to establish the fact that the libellant was a bona fide resident of the State of Pennsylvania for one whole year prior to the filing of the libel.

It appears that the libellant from the middle of April until the middle of September resided at Huntington, Long Island, and was employed as a gardener by one Jacob Merganthaler. The testimony is silent as to where he resided before going to Huntington in April and after his departure therefrom in September. He testified that his present permanent residence is in Philadelphia; that he lives here during the winter. That is entirely too vague to justify the finding that the libellant is a bona fide resident, and had been such for one whole year prior to the filing of the libel.

Leave is given to take further testimony upon this point, if desired.

The master appears to have failed to inquire as to the efforts, if any, made by libellant to induce his wife to go South with him and what, if any, efforts were made to have her rejoin him after his return to the State of Pennsylvania.

The case is referred back to the master for further testimony upon the subject herein stated.

The libellant offered no further evidence, and subsequently the libel was dismissed.

*Error assigned* was decree dismissing the libel.

373, (1916).]          Opinion of the Court.

*M. F. Donoghue,* with him *James M. Dohan,* for ap-
pellant.

No printed brief for appellee.

OPINION BY ORLADY, P. J., March 1, 1916:

We are in accord with the conclusion reached by
Judge DAVIS, in holding that the libellant's testimony
is entirely too vague to justify a finding that he was a
bona fide resident of this State for a whole year prior
to the filing of the libel, and having declined to adduce
further proof to establish that fact, when he had an op-
portunity to do so, we assume that he cannot supply the
necessary facts to entitle him to a decree.

The decree recommended by the master and formally
made by the court is affirmed.